## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | |
| OUTOKUMPU STAINLESS USA, LLC ) ) ) ) ) | **COMPLAINT** <u>**JURY TRIAL REQUESTED**</u> |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Jared Burress ("Burress"), who was adversely affected by such practices.

As alleged with greater particularity in paragraphs twenty-two (22) through forty-nine (49) below, Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") alleges that Defendant Outokumpu Stainless USA, LLC discriminated against Burress by: 1) failing to hire Charging Party due to medications prescribed to him by his physician for his disabilities, and 2) failing to accommodate his need to take those medications for his disability-related medical conditions. In addition, Defendant discriminated against Burress by maintaining a blanket drug policy that operated as an impermissible qualification standard that screened him out as an individual with disabilities in violation of the ADA.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Alabama.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4.  At all relevant times, Outokumpu Stainless USA, LLC was doing business in the State of Alabama as a stainless-steel products processor in Calvert, Alabama.

5.  At all relevant times, Outokumpu Stainless USA, LLC has had at least 15 employees.

6.  At all relevant times, Outokumpu Stainless USA, LLC has been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7), which incorporates by reference Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b)(g) and(h).

7.  At all relevant times, Outokumpu Stainless USA, LLC has been a covered entity covered under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty (30) days prior to the institution of this lawsuit, Burress filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

9. On May 28, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated with respect to Burress, and invited Defendant to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. In its efforts to conciliate, the Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letters of Determination. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On August 27, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission with respect to the charge filed by Burress.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. At all relevant times, Defendant operated blast furnaces and steel mills, and specialized in the manufacture of stainless steel at various locations, including its facility in Calvert, Alabama.

14. Since at least August of 2018, Defendant maintained and applied in practice a policy whereby it would not hire applicants who used or were prescribed to use (both during work or non-work hours) certain prescription medications for certain "safety-sensitive" positions.

15. Among the proscribed medications was Xanax.

16. Defendant conditioned employment offers for certain positions, including certain "safety-sensitive" positions, on the outcome of a post-offer physical and drug screen.

17. Applicants for such positions at Defendant's Calvert facility were required to undergo pre-employment examinations conducted by Occupational Health Clinic ("OHC"), a third-party company that conducts pre-employment screenings for employers.

18. At all times relevant to this action, OHC acted as an agent of Defendant in the conduct of the medical examination and pre-employment screening.

19. As part of the medical examination and pre-employment screening, OHC required applicants to report any prescribed medications.

20. Defendant relied on OHC's opinion regarding whether an applicant who was prescribed certain prescription medications was able to perform the essential functions of certain "safety sensitive" positions.

21. At all times relevant to this action, Defendant rescinded an employment offer if OHC concluded that an applicant could not perform the essential functions of a "safety sensitive" position and no other positions were available.

## STATEMENT OF CLAIMS

### COUNT 1
### (Discrimination on the Basis of Disability)

22. Plaintiff realleges and incorporates by reference paragraphs one (1) through twenty-one (21) herein.

23. Since at least August 2018, Defendant has engaged in unlawful employment practices at its Calvert, Alabama location, by refusing to hire Burress for an Entry Operator position in its Melt Shop on the basis of his disability in violation of Section 102(a) of Title I of the ADA, 42 U.S.C.§§ 12112(a).

4

24. At all times relevant to this action, Burress suffered from physical or mental impairments that substantially limited one or more major life activities, including but not limited to, thinking, concentrating, managing his time, working, sleeping, and completing tasks.

25. Burress is a qualified individual with a disability, perceived disability, or record of such a disability under the ADA, 42 U.S.C. §§ 12102 and 12111(8), who could perform the essential functions of the Entry Operator position with or without an accommodation.

26. On or about August 24, 2018, Burress applied and was interviewed for an Entry Operator position at Defendant's Calvert, Alabama facility.

27. Burress met the requirements for the job.

28. Defendant offered Burress the position contingent upon passing a background check, physical examination, and drug screening to be completed by OHC.

29. During his pre-employment examination, Burress informed OHC that he takes prescribed medication for his mental disabilities.

30. On or about September 7, 2020, in violation of the ADA, Defendant rescinded its conditional offer of employment after learning of Burress' disabilities and use of disability-related medication.

31. Defendant's failure to hire Burress based on his disabilities and use of disability-related prescription medication constituted discrimination on the basis of disability.

32. The effect of the practices complained of in paragraphs thirteen (13) through thirty-one (31) above has been to deprive Burress, a qualified individual with disability, of equal employment opportunities and otherwise adversely affected his status as an applicant because of his disabilities.

## COUNT 2
### (Failure to Accommodate)

33. Plaintiff realleges and incorporates by reference paragraphs one (1) through thirty-two (32) herein.

34. Since at least August of 2018, Defendant has maintained and applied in practice a policy which does not provide for reasonable accommodation of qualified individuals with disabilities in violation of Sections 102(b)(5)(A), 42 U.S.C. §§ 12112(b)(5)(A) and 102(b)(5)(B), 42 U.S.C. §§ 12112(b)(5)(B).

35. Since at least August 2018, Defendant has engaged in unlawful employment practices at its Calvert, Alabama location, by failing to make reasonable accommodations to Burress and denying him an Entry Operator position in its Melt Shop based on the need to make such accommodations in violation of Sections 102(b)(5)(A), 42 U.S.C. §§ 12112(b)(5)(A) and 102(b)(5)(B), 42 U.S.C. §§ 12112(b)(5)(B).

36. Defendant rescinded Burress' employment offer because OHC concluded that he could only perform the essential functions of an Entry Operator position by refraining from taking his prescription medication.

37. Defendant refused to make an accommodation that would allow Burress to take his prescribed medication.

38. Defendant discriminated against Burress when it applied its drug policy to Burress and failed to make reasonable accommodations for his disabilities.

39. Defendant failed to engage Burress in the interactive process and instead applied a blanket drug policy to Burress prohibiting all use of certain medications.

40. The effect of the practices complained of in paragraphs thirteen (13) through thirty-nine (39) above have been to deprive Burress, a qualified individual with disability, of equal

employment opportunities and otherwise adversely affected his status as an applicant because of his disabilities.

## COUNT 3
### (Impermissible Qualification Standard)

41. Plaintiff realleges and incorporates by reference paragraphs one (1) through forty (40) herein.

42. Since at least August of 2018, Defendant has maintained and applied in practice a policy which screened out and denied employment opportunities to qualified individuals with disabilities.

43. Since at least August 2018, Defendant has engaged in unlawful employment practices at its Calvert, Alabama facility in violation of Title I of the ADA, 42 U.S.C. §§ 12112(b)(3) and 12112(b)(6). These unlawful employment practices include discriminating against Burress on the basis of disability.

44. Defendant uses qualification standards or criteria that have the effect of discrimination on the basis of disability and screen out or tend to screen out individuals with disabilities.

45. Defendant relied on OHC to determine whether an applicant who was prescribed certain prescription medications was able to perform the essential functions of certain "safety sensitive" positions.

46. Defendant implemented a policy to rescind an employment offer if OHC concluded that an applicant could not perform the essential functions of a "safety sensitive" position and no other positions were available.

47. Through its policy Defendant created and utilized a qualification standard and/or criterion that operated as a blanket policy that screened out qualified individuals with disabilities on the basis of disability.

48. Defendant, through the operation of these qualification standards and/or criteria discriminated against Burress, a qualified individual with disabilities, by screening him out on the basis of disability.

49. The effect of the practices detailed in thirteen (13) through forty-eight (48) above have been to deprive Burress, a qualified individual with a disability, of equal employment opportunities and otherwise adversely affect his status as an applicant because of his disabilities.

## ADDITIONAL ALLEGATIONS

50. The unlawful employment practices complained of in paragraphs twenty-two (22) through forty-nine (49) above were and are intentional.

51. The unlawful employment practices complained of in paragraphs twenty-two (22) through forty-nine (49) above were and are done with malice or with reckless indifference to the federally protected rights of Burress.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on disability, including the denial of reasonable accommodations to qualified individuals with disabilities.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices, including but not limited to requiring that Defendant (i) amend its policies and practices to provide that Defendant must make exceptions to its policies and practices when required by the ADA as a reasonable accommodation

for applicants and employees with disabilities; (ii) publicize that amendment to all present and future applicants and employees; (iii) adhere to the amendment; and (iv) notify all former applicants denied employment pursuant to this policy and practice of this action, its disposition, and the amendment.

C.  Order Defendant to make whole Charging Party by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, front pay and instatement.

D.  Order Defendant to make whole Charging Party by providing appropriate compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs twenty-two (22) through forty-nine (49) above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, and other pecuniary losses, in amounts to be determined at trial.

E.  Order Defendant to make whole Charging Party by providing appropriate compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs twenty-two (22) through forty-nine (49) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses in amounts to be determined at trial.

F.  Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct described in paragraphs twenty-two (22) through forty-nine (49) above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED,

**SHARON FAST GUSTAFSON**
General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**MARSHA RUCKER**
Birmingham District Regional Attorney
PA Bar No. 90041

Equal Employment Opportunity
Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Tel. (205) 651-7026
Fax. (205) 212-2041