IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) ) v. ) ) OUTOKUMPU STAINLESS USA, LLC. ) ) ) ) Defendant. ) | CIVIL ACTION NO. 1:20-cv-00521-CG-B |

## CONSENT DECREE

### I. INTRODUCTION

The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action on November 2, 2020 against Outokumpu Stainless USA, LLC ("Outokumpu" or "Defendant"), to remedy alleged unlawful discrimination in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"). In its Complaint, the Commission alleged that Defendant failed to hire Jared Burress for an Entry Operator position in its Melt Shop located in Calvert, Alabama because of his disability, in violation of the ADA. The Commission also alleged that Defendant failed to reasonably accommodate his need to take medication prescribed by his physician, and that Defendant maintained an impermissible qualification standard which screened out qualified individuals with disabilities. Defendant denies these allegations and denies that it discriminated against Burress.

4950498\1

## II. GENERAL PROVISIONS

It is ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. This Consent Decree is entered into by the Commission and Outokumpu. This Consent Decree, and its terms, shall be final and binding on the EEOC and Outokumpu, including its successors and assigns.

3. This Consent Decree shall resolve all claims that were raised by the EEOC in its Complaint in Civil Action No. 1:20-cv-00521-CG-B and the underlying Charge of Discrimination filed by Burress, Charge No. 425-2019-00003. This Consent Decree does not affect any other administrative charges that may be pending with the EEOC or any other cases pending in this or any other court. This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as an admission by Outokumpu of a violation of the ADA or any admission of discrimination. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any party is found to be in contempt of this Consent Decree.

4. This Consent Decree shall be filed in the United States District Court for the Southern District of Alabama, Southern Division, and shall be in effect, and continue to be in effect, for a period of two (2) years from the date of entry of this Consent Decree by the Court.

5. Any modification of this Consent Decree by any party shall be made by motion to the Court.

6. The Court shall retain jurisdiction over this case in order to enforce the terms of the Consent Decree.

7.  The parties shall comply fully with all provisions of this Consent Decree. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant under the ADA or the EEOC's authority to process or litigate any charge of discrimination that may be pending or filed against Defendant in the future.

### III. NON-DISCRIMINATION AND NON-RETALIATION

8.  Defendant and its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them, or any of them, are permanently enjoined, for the duration of this Consent Decree from discriminating or retaliating against any employee or applicant in violation of the ADA. The prohibited practices include, but are not limited to, refusing to provide a reasonable accommodation in accordance with the ADA. Nothing in this Consent Decree is intended to nor shall limit the EEOC's enforcement rights under the ADA or other applicable laws or regulations nor expand the Defendants obligations under the ADA or other regulations. Nothing in this Consent Decree shall give any employee or third party any private right of action, claims or rights beyond those they would have under the ADA or other applicable law.

### IV. CHARGING PARTY'S RELIEF

9.  Outokumpu shall pay to Jared Burress the following amounts by checks made payable to Jared Burress: (a) Nine Thousand Dollars ($9,000), which shall compensate Burress for alleged back pay and is therefore subject to the same tax withholdings required for wages paid in the ordinary course of business; and (b) Forty Thousand Dollars ($40,000), which shall compensate Burress for alleged compensatory damages. The payments shall be made no later than twenty-one (21) days after the date on which the last of the following has occurred: the Court enters this Consent Decree and after Defendant has received a Form W-9 that has been fully-completed and executed by Burress. The checks shall be mailed to Burress, by certified mail, at an address to be

provided by the Commission. Outokumpu will also mail a copy of the checks to the Regional Attorney, Birmingham District Office, 1130 22nd Street South, Birmingham, Alabama 35205. Outokumpu shall provide Burress appropriate tax reporting forms by the legally required date.

## V. SPECIFIC REQUIREMENTS OF THIS CONSENT ORDER

10. In addition to the Defendant's obligations under the ADA, the Defendant agrees to take the following other specific actions as a result of this Consent Decree:

### A. Review of Policies and Procedures

11. Within ninety (90) days after the date on which the Court enters this Consent Decree, Defendant will review its policies and procedures to ensure that its policies comport with the current requirements of the ADA. If Defendant determines that any revisions or updates to such policies should be made, Defendant will make any such revision or update and distribute its revised or updated policies to all employees within that time period. If not already contained in Defendant's policies and procedures, the policies and procedures shall, at a minimum, contain the following:

- (A) a requirement that all management employees be trained annually on disability discrimination and retaliation under the ADA;

- (B) a provision for disciplinary action, up to and including termination, for any employee who violates the company's policies and procedures regarding disability discrimination and retaliation under the ADA;

- (C) a complaint procedure for alleged discrimination and/or alleged violation of the ADA;

- (D) an assurance of non-retaliation for any employee who reports alleged discrimination and/or an alleged violation of the ADA;

- (E) publication of the contact information of a designated individual or individuals and/or job position(s) whom employees or applicants may contact to discuss requests for reasonable accommodations of disabilities and conducting an individualized assessment for a reasonable accommodation;

4

 (F) a requirement and procedure for communication to all providers of Defendant's preemployment medical examinations requiring that they provide a written explanation of the applicant's rights to request a reasonable accommodation and contact information for the individual(s) and/or job position(s) Defendant has designated to conduct individualized reasonable accommodation assessments, and the procedure for how the applicant may request an individualized assessment and a reasonable accommodation;

 (G) a provision prohibiting the rejection of qualified individuals based on the results of a pre-employment medical examinations in the absence of an individualized assessment of the individual's present ability to safely perform the essential functions of the job with or without reasonable accommodation; and

 (H) a provision requiring defendant to instruct its providers of pre-employment medical examinations to provide an individual medical assessment on all employees and/or potential employees referred to them by Defendant.

### B. Training for Management and Human Resources Employees

12. For the duration of this Consent Decree, Defendant shall provide annual training on disability discrimination and retaliation to all management and Human Resources employees at its Calvert, Alabama facility, which may consist of pre-recorded video and/or a web-based learning system, including, but not limited to, methods such as Zoom and/or Microsoft Teams. The initial annual training will be scheduled and conducted within ninety (90) days after the date on which the Court enters this Consent Decree.

13. Defendant shall advise all management and Human Resources employees at its Calvert, Alabama facility in writing that the training program is mandatory. The annual training shall last one (1) hour and shall cover all aspects of the ADA including, but not limited to, the legal requirements of the ADA, prohibition against discrimination and retaliation of any kind, and Outokumpu's internal ADA policy and procedures. The training shall include time for questions and answers.

14. Outokumpu shall retain a registry of attendance for each training for the duration of this Consent Decree.

15. The training shall be repeated (with modifications to ensure its continued compliance with the law) at least once every calendar year during the term of this Consent Decree.

16. The training may be videotaped for use to train absent management and Human Resources employees and newly hired management employees and shall also include practical examples aimed at the prevention of discrimination.

17. Each training for the duration of this Consent Decree shall contain an outline. The outline, including all training materials (pamphlets, brochures, PowerPoint slides, agendas, videos, etc.), shall be delivered to the EEOC Birmingham District Office, to the attention of the Regional Attorney at 1130 22nd Street South, Suite 2000, Birmingham, Alabama, 35205 at least one week in advance of the training. Acceptance or review of these materials by the Commission shall not constitute approval of the materials but may be retained for compliance purposes.

C. **Training of Human Resources Personnel on ADA Hiring Requirements:**

18. Training shall be provided to all new or rehired Human Resources Personnel who participate in the hiring process within thirty (30) days after the date of their initial employment or rehire.

19. This training will include training on hiring requirements related to the ADA, including the proper use of pre-employment medical examinations under the ADA.

D. **Instruction to Healthcare Providers:**

20. During the term of this Consent Decree, Defendant shall provide each third party service provider it uses to conduct pre-employment medical examinations with written updated job descriptions for Defendant's employees. These job descriptions will be provided within ninety

(90) days after the date on which the Court enters this Consent Decree and will be updated annually on or before December 31.

21. During the term of this Consent Decree, Defendant shall send a written communication to each third party service provider it uses to conduct pre-employment medical examinations stating that it is required to provide an individualized physical examination on each employee or potential employee that it examines at Defendant's request. This written communication will state to such provider that, prior to making a recommendation that an employee or potential employee is not qualified as a result of prescription medication, the provider must obtain and review information from the physician who prescribed the medication(s) and must discuss that information with the employee or potential employee as part of their individualized assessment.

22. During the term of the Consent Decree, Defendant shall provide written instructions, which each of the third party service providers it uses to conduct pre-employment medical examinations must give to any applicant whom the provider finds is not qualified following a pre-employment medical examination. These instructions shall include a description of the applicant's rights under the ADA to undergo an individualized assessment to determine whether a reasonable accommodation would permit the applicant to perform the essential functions of the job, the contact information of the individual(s) Defendant has designated to process these requests, and the procedure for the applicant to request an individualized assessment regarding reasonable accommodation.

23. During the term of this Consent Decree, the Defendant will (a) instruct each third party service provider it uses to conduct pre-employment medical examinations to train its physicians and employees on the requirements of the ADA with regard to medical examinations, (b) require that each third party service provider it uses to conduct pre-employment medical examinations

7

16304081 v1

obtain such training from an employment attorney, and (c) instruct each third party service provider it uses to conduct pre-employment physical screenings to provide records of such training to Defendant.

24. The Defendant will require each third party service provider it uses to conduct pre-employment medical examinations to obtain this training within ninety (90) days after the date on which the Court enters this Consent Decree and within ninety (90) days after Defendant engages any new provider.

25. The Defendant will instruct each third party service provider it uses to conduct pre-employment medical examinations to have the training set forth in this section at least once each calendar year and will instruct them to provide Defendant with records of such training.

E. **Investigation of Complaints**

26. Defendant will promptly investigate and document complaints of discrimination and retaliation under the ADA.

## VI. POSTING OF NOTICE

27. Within ten (10) calendar days after the date on which the Court enters this Consent Decree, Outokumpu shall post, and cause to remain posted for the duration of this Consent Decree, 8½-inch-by-11-inch sized copies of the notice attached to this Consent Decree as Exhibit A on all bulletin boards usually used by Outokumpu at its Calvert, Alabama location for employee announcements and on any Outokumpu website wherein job vacancies are posted or through which Outokumpu accepts applications for employment at its Calvert, Alabama location.

## VII. REPORTING

28. On an annual basis for the duration of the Consent Decree, Defendant shall provide the Birmingham District Office Regional Attorney a report on the training and instruction provided

8

pursuant to Section IV(B) of this Consent Decree which shall include a list of the dates and persons trained during that time period.

29. Within thirty (30) days after completing the review required by Section VI(A) of this Consent Decree, Outokumpu shall report to the EEOC that the review has been completed and, to the extent that Outokumpu determines that revisions or updates are necessary, Outokumpu shall describe the steps it has taken to revise and update its policies and shall include a copy of all revised policies.

## VIII. DISPUTE RESOLUTION

30. In the event the Commission believes during the term of this Consent Decree that Outokumpu has failed to comply with any provision of the Decree, the Commission shall notify Outokumpu and its counsel of the alleged non-compliance and shall provide Outokumpu at least thirty (30) calendar days thereafter to remedy the alleged non-compliance or to satisfy the Commission that the alleged non-compliance is not well founded. If Outokumpu has not remedied the alleged non-compliance or satisfied the Commission that it has complied within ninety (90) calendar days, the Commission may apply to the Court for appropriate relief.

## IX. COSTS AND ATTORNEY FEES

31. The parties shall bear their own attorneys' fees and costs incurred in this action up to the date of the entry of this Consent Decree.

## X. SUCCESSOR NOTIFICATION

32. For the duration of this Consent Decree, Defendant shall provide notice and a copy of this Consent Decree to any successors or any other corporation or other entity that acquires Defendant and any other corporation or other entity into which Defendant may merge. The successors or acquiring entities shall be fully liable for complying with the terms of this Consent Decree.

## XI. FORCE AND EFFECT

33. The duration of this Consent Decree shall be two (2) years from its entry.

34. The Court shall retain jurisdiction for the duration of the Consent Decree, during which time the Commission and/or Outokumpu may petition this Court for compliance with or clarification of this Consent Decree. Should the Court determine that Defendant has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

35. Absent extension, this Consent Decree shall expire by its own terms at the end of two (2) years from the date on which the Court enters this Consent Decree without further action by the Parties.

36. The Parties agree to the entry of this Consent Decree subject to final approval by the Court.

SO ORDERED, ADJUDGED, and DECREED this 19th day of December, 2022.

HONORABLE KRISTI K. DUBOSE
U.S. DISTRICT COURT JUDGE

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: Marsha Rucker
Regional Attorney
U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, AL 35205-2886
Telephone: (205) 651-7049
*Counsel for Plaintiff EEOC*

OUTOKUMPU STAINLESS USA, LLC

By: Jaron Brown
Head of Legal and Compliance

By: David Scheid
Senior Vice President Human Resources

Approved as to Form:

*Kathryn M. Willis*

KATHRYN MORRIS WILLIS
BURR & FORMAN, LLP
11 North Water Street, Suite 22200
Mobile, Alabama 36602
(251) 345-8213

*Counsel for Defendant Outokumpu Stainless USA, LLC*

## EXHIBIT A
## NOTICE

It is the policy of Outokumpu Stainless USA, LLC, to offer employment opportunities to all qualified employees and applicants, regardless of race, age, sex, color, religion, national origin, or disability. Outokumpu will not discriminate against its employees or applicants in violation of the provisions of Title VII of the Civil Rights Act of 1964, as Amended; the Age Discrimination in Employment Act (ADEA) of 1967; the Equal Pay Act (EPA) of 1963; Title I of the Americans with Disabilities Act Amendments Act of 2008 (ADA); or the Genetic Information Nondiscrimination Act of 2008 (GINA).

We wish to emphasize that it is Outokumpu's policy to provide equal opportunity in all areas of employment practices. All employees shall feel free to exercise their rights under this policy.

Outokumpu will not retaliate against any employee because he or she has opposed any practice made an unlawful practice under Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act (ADEA) of 1967; the Equal Pay Act (EPA) of 1963; Title I of the Americans with Disabilities Act Amendments Act of 2008 (ADA); and the Genetic Information Nondiscrimination Act of 2008 (GINA); or has filed charges, testified, assisted or participated in any manner in any Civil Rights Act investigation, proceeding, hearing or lawsuit.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace, including unequal wages. Any report of such an allegation will be thoroughly investigated, with appropriate sanctions taken against any person(s) found to have engaged in inappropriate conduct.

An employee or applicant who believes his or her rights have been violated may also contact the U.S. Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination. Please be aware that there are strict time periods for filing such charges. Pursuing internal remedies provided by Outokumpu does not extend the time which you may have to file charges with the EEOC.

The address and telephone number of the nearest office of the Equal Employment Opportunity Commission is:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Mobile Area Office**
**63 South Royal Street, Suite 504**
**Mobile, AL 36602**
**Telephone: (251) 690-2590**

### DO NOT REMOVE THIS NOTICE FOR THE DURATION OF THE CONSENT DECREE

4950 1381 v1